**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVE W. CHENNAULT, | No. 16-55878 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-00854-BTM-KSC |
| v. | |
| MORRIS, Registered Dietician, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, Chief Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Steve W. Chennault appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to a serious medical need. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Chennault failed to raise a genuine dispute of material fact as to whether Appellee was deliberately indifferent in providing care following Chennault's tonsillectomy or otherwise personally participated in the deprivation of his constitutional rights. *See id.* at 1057 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to an inmate's health); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)).

**AFFIRMED.**